# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **NARINDER KAURA** <br> 22 Fenton Way <br> Brampton, Ontario L6Y 2Y4 <br> Canada <br><br> and <br><br> **LAKHVIR SINGH** <br> 22 Fenton Way <br> Brampton, Ontario L6P 0P5 <br> Canada <br><br> Plaintiffs, <br><br> v. <br><br> **SARAH KENDALL**, Director of the Immigrant Investor Program Office, United States Citizenship and Immigration Services, in her official capacity <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529 <br><br> **KENNETH T. CUCCINELLI**, Acting Director, United States Citizenship and Immigration Services, in his official capacity <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529 <br><br> **CHAD F. WOLF**, Acting Secretary, United States Department of Homeland Security, in his official capacity <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529 <br><br> **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529 <br><br> and | Case No. 1:20-cv-01720 |

| | |
|---|---|
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY**<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF

Plaintiffs Narinder Kaura ("**Kaura**") and Lakhvir Singh ("**Singh**" and together with Kaura, "**Plaintiffs**"), through their undersigned counsel, by way of complaint against defendants Sarah Kendall, Director of the Immigrant Investor Program Office, United States Citizenship and Immigration Services, in her official capacity ("**Kendall**"), Kenneth T. Cuccinelli, Acting Director, United States Citizenship and Immigration Services, in his official capacity ("**Cuccinelli**"), Chad F. Wolf, Acting Secretary, United States Department of Homeland Security, in his official capacity ("**Wolf**"), United States Citizenship and Immigration Services ("**USCIS**"), and United States Department of Homeland Security ("**DHS**" and, together with Kendall, Cuccinelli, Wolf, and USCIS, "**Defendants**"), hereby allege and state as follows:

### PRELIMINARY STATEMENT

Plaintiffs, each of whom is a foreign investor in North Carolina Senior Living Project, LLC, a new commercial enterprise ("**NCE**") created pursuant to the Employment-Based Fifth Preference Immigrant Investor Program (the "**EB-5 Program**") administered by USCIS, bring this action to remedy the unlawful, unreasonable, arbitrary and capricious delay by USCIS, an agency within DHS, in adjudicating their Form I-526, "Immigrant Petition by Alien Entrepreneur" (each, a "**Form I-526 Petition**"), which Plaintiffs filed with USCIS over thirty months ago.

2

Plaintiffs' Form I-526 Petitions meet all the requirements for adjudication. USCIS's continuing and inexcusable delay in acting on Plaintiffs' Form I-526 Petitions is contrary to the Administrative Procedure Act ("**APA**"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), and (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("**Mandamus Act**"), 28 U.S.C. §§ 1331 and 1361.

The continued delay in adjudicating the Form I-526 Petitions is causing significant harm to the economic, social, and mental welfare of Plaintiffs and their families. Accordingly, Plaintiffs, by and through their undersigned counsel, respectfully request this Court to issue an order directing Defendants to adjudicate the pending Form I-526 Petitions within fifteen days or within a time frame this Court deems appropriate under the circumstances, pursuant to the APA and the Mandamus Act..

## PARTIES, JURISDICTION, AND VENUE

1. Kaura is an Indian national and is presently a resident of Canada.

2. Singh is an Indian national and is presently a resident of Canada.

3. Kaura and Singh are brothers.

4. Kendall is the Director of the Immigrant Investor Program Office ("**IPO**"), USCIS, and is sued in her official capacity.

5. Cuccinelli is the Acting Director of USCIS and is sued in his official capacity. USCIS is located in Washington, D.C. As Director of USCIS, Cuccinelli oversees all of USCIS's operating divisions, including the IPO. *See* 8 U.S.C. § 1103; 6 U.S.C. § 271(b).

6. Wolf is the Acting Secretary of DHS and is sued in his official capacity. DHS is located in Washington, D.C. and has oversight of USCIS. *See* 8 U.S.C. § 1103.

7. USCIS is a part of DHS, which is a cabinet-level department of the federal

government of the United States.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. §§ 1101 *et seq.* ("**INA**") and its implementing regulations.

9. Further, this Court has subject matter jurisdiction over this action and may grant relief pursuant to the APA, 5 U.S.C. § 555(b) and §§ 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361.

10. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events giving rise to Plaintiffs' claims occurred.

## LEGAL AND FACTUAL BACKGROUND

### I.   The EB-5 Program

11. Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors like Plaintiffs. Under the program, a foreign citizen may obtain permanent resident status upon the investment of at least $500,000 and the creation of at least ten full-time jobs as part of a new business venture. *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(f)(2).

12. As part of the EB-5 Program, Congress also created, and has regularly renewed, the Immigrant Investor Pilot Program, now called the Immigrant Investor Program. This subset of the EB-5 program permits a putative EB-5 investor to invest the requisite capital through a USCIS-approved "regional center." A regional center is an entity for promoting economic growth and job creation in a particular geographic region of the United States, and each center

may contain one or more new commercial enterprises under its umbrella.  8 C.F.R. §204.6(e)(m)(3).

13.     Under a new rule published by DHS, several changes to the EB-5 Program went into effect on November 21, 2019.  Such changes include, but are not limited to, increasing the required minimum investment amounts and reforming certain targeted employment area ("**TEA**") designations.  The new EB-5 regulations do not, however, apply retroactively to EB-5 petitions filed prior to the effective date.

14.     To apply for an EB-5 visa, a foreign entrepreneur must submit a Form I-526 Petition and supporting documentation demonstrating that the required capital has been committed and is actually at risk, and that the investment is made from the entrepreneur's own lawfully acquired funds, and the existence of a comprehensive business plan demonstrating that ten full-time jobs will be created by the investment.  8 C.F.R. § 204.6(j).  For an investment through an approved regional center, the Form I-526 Petition must be accompanied by evidence that the requisite investment will create ten full-time positions either directly or indirectly for no fewer than ten individuals.  8 C.F.R. § 204.6(j)(4)(iii).

## II.     Plaintiffs' Form I-526 Petitions

15.     On December 7, 2017, prior to the effective date of the most recent and revised EB-5 regulations, Kaura and Singh submitted their Form I-526 Petitions, along with comprehensive supporting evidence demonstrating that the required capital was committed and was actually at risk; and further establishing the lawful source of the invested funds; and that, through the regional center, there existed a comprehensive business plan showing that at least ten full-time jobs would be created by each investor's investment.

16.     USCIS acknowledged receipt of Kaura's Form I-526 Petition, issuing receipt

number WAC1890076770 to Kaura on December 12, 2017.

17. USCIS acknowledged receipt of Singh's Form I-526 Petition, issuing receipt number WAC1890077928 to Singh on December 12, 2017.

18. In conjunction with their Form I-526 Petitions, each of Kaura and Singh invested $500,000 in the NCE, a North Carolina limited liability company formed on December 30, 2016. The NCE was organized to provide project financing in connection with the development, construction, and operation of five new assisted living and memory care facilities in various cities throughout North Carolina (each, a "**Facility**" and collectively, the "**Project**"). The NCE was to make five separate loans (each, an "**EB-5 Loan**" and collectively, the "**EB-5 Loans**") to five separate borrowers (each, a "**Borrower**" and collectively, the "**Borrowers**"), each of which was established as a special purpose entity and each of which is wholly owned by North Carolina Senior Living, LLC ("**Senior Living**"), a North Carolina limited liability company formed on December 30, 2016.

19. Each Facility will be owned by Senior Living, which is a joint venture between the principals of Christian Tyler Properties, LLC ("**CPT**"), Affinity Living Group ("**Affinity**"), and Directed Capital Resources, with CTP and Affinity acting as co-developers of the Project. The approved regional center for the Project is EB5 Affiliate Network State of North Carolina Regional Center, LLC.

20. The combined capital budget of the Project's five Facilities amounts to approximately $51.3 million. A target offering of $24 million, with a maximum offering of $30 million, of limited liability membership interests in the NCE were offered to qualified EB-5 immigrant investors in connection with the Project.

21. The location of each Facility is within a TEA. As such, the Project is located

within a TEA, which pursuant to 8 C.F.R. § 204.6(f)(2) allows the qualifying investment to be adjusted down to $500,000.

22. Well-known business and economic consultants Unisource, Inc. have analyzed the economic and employment benefits of the Project utilizing the RIMS II Economic Impact Model, an economic model accepted by USCIS, which demonstrates in verifiable detail that the Project will lead to the creation of 754 new permanent jobs. This figure satisfies the EB-5 Program's job creation requirement on a per-investor basis.

23. Pursuant to the INA, Congress intends for all immigration applications and petitions to be processed within 6 months. "[I]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition." 8 U.S.C. § 1571(b).

24. According to the Notice of Proposed Rule Making published by USCIS in conjunction with its fee increase, USCIS data shows that it only takes 6.5 person hours to completely process a Form I-526 Petition. According to the most recent information that USCIS has published, however, the number of Form I-526 Petitions that USCIS adjudicated decreased dramatically after the end of the 2019 fiscal year, resulting in a sharp increase in the number of such petitions that remained pending, from 13,763 at the end of September 2019 to 17,468 at the end of December 2019

### III.  USCIS Has Unreasonably Delayed Acting on Plaintiffs' Form I-526 Petitions

25. Despite Plaintiffs' having submitted their completed comprehensive Form I-526 Petitions in December 2017, over two and a half years ago, USCIS has unreasonably delayed in

7

adjudicating them.

26. On June 18, 2020, Plaintiffs' immigration counsel inquired with USCIS as to the status of their pending Form I-526 Petitions. Also on June 18, 2020, Plaintiffs' immigration counsel received a similar response to each inquiry, stating, "Thank you for your request. USCIS will review and process the request. Expect a reply by July 10, 2020."

27. Also on June 18, 2020, Plaintiffs' immigration counsel inquired with the Office of the Citizenship and Immigration Services Ombudsman (the "**Ombudsman"**) as to the status of Plaintiffs' pending Form I-526 Petitions. Also on June 18, 2020, Plaintiffs' immigration counsel received a similar response from the Ombudsman, stating, "Thank you for submitting a request for case assistance to the Ombudsman's Office. A copy of information you shared with us is below, for your records. We will review your submission to determine how our office may assist."

28. Despite requests for a specific and reasonable timeline for adjudication of the Form I-526 Petitions, USCIS has failed and refused to provide any additional information or to process the Form I-526 Petitions, and has not provided any indication of when the review might be completed.

29. Plaintiffs' Form I-526 Petitions have been outstanding for over 30 months, a period that is almost double the USCIS-published processing guidelines that have, as explained further below, increased three-fold since 2015 without explanation.

30. In fact, despite having almost twice as many staff in FY2019 as it had in FY2015, USCIS adjudicated 41% fewer petitions in FY2019 than FY2015. This translates to a 69% decrease in staff productivity in FY2019 over FY2015.

31. Indeed, the "Historical National Average Processing Time for All USCIS Offices"

8

sheet published by USCIS shows that the processing times have increased every year from 2015 through 2019. Thus, in 2015, the average Form I-526 Petition processing time was only 13.9 months before it ballooned to the current processing time of 29.5 to 61 months.

32. Just last year, in May 2019, the USCIS-published processing time for Form I-526 Petitions was 22 to 28.5 months.

33. Ten months later, on February 7, 2020, without any explanation or prior warning, USCIS arbitrarily increased its published processing time for Form I-526 Petitions to 32 months to 49 months.

34. Moreover, USCIS continues to extend and revise the published processing times for Form I-526 Petitions arbitrarily, and as of June 18, 2020, the processing time was between 29.5 months to 61 months.

35. USCIS appears to have obviated its statutory obligation to timely process Form I-526 Petitions and continues to manipulate the published processing times on a unilateral basis.

36. Despite requests, USCIS has not explained the reason for its unreasonable delays or refusal to adjudicate Plaintiffs' Form I-526 Petitions.

## IV. Plaintiffs Will Suffer Significant Harm If Relief Is Not Granted

37. As a result of USCIS's unreasonable, protracted, and unconscionable delay in the adjudication of the Form I-526 Petitions, Plaintiffs have suffered and will continue to suffer harm. Defendants' delay has deprived Plaintiffs of the myriad privileges that accompany conditional permanent resident status in the United States, including the ability to become a permanent resident, travel freely, and live and work in the United States. *See* 8 U.S.C. § 1186(b).

38. Defendants' delay in the EB-5 visa process has caused the Plaintiffs to forego employment opportunities and prevented them from building careers in the United States. While

9

the EB-5 visa petitions remain in limbo, Plaintiffs have suffered anxiety stemming from the unreasonable delay in the process and the uncertainty surrounding their future. *See* 8 U.S.C. § 1186(b).

39. If Defendants continue this unreasonable delay by failing to adjudicate the Form I-526 Petitions, Plaintiffs will continue to suffer significant hardship.

40. Plaintiffs have no other adequate remedy available to them other than filing the instant action.

41. Plaintiffs have retained the undersigned as counsel in this matter and agreed to pay a reasonable fee for their services.

42. All conditions precedent to bringing this action, if any, have occurred or have been performed, waived, or excused.

## COUNT I
## ADMINISTRATIVE PROCEDURE ACT
## (5 U.S.C. § 555 and 5 U.S.C. §§ 701 *et seq.*)

43. Plaintiffs reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

44. Defendants are charged with the mandatory responsibility of administering and implementing the INA.

45. Defendants have a mandatory duty to adjudicate Plaintiffs' Form I-526 Petitions within a "reasonable time."

46. Defendants have violated the APA by failing to adjudicate the Form I-526 Petitions timely, which constitutes agency action that is arbitrary and capricious and not in accordance with law.

47. Section 555 of the APA commands administrative agencies to conclude matters

presented to the agency for decision "within a reasonable time." *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties … and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it.") (Emphases added).

48.     The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. 5 U.S.C. § 702.

49.     When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1).[1] The Court must also "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D).

50.     Defendants have had a clear, mandatory duty to adjudicate Form I-526 Petitions like Plaintiffs' and to issue visas when the requirements have been satisfied. *See* 8 U.S.C. § 1153(b)(5)(A); 8 U.S.C. § 1154(b); 8 C.F.R. § 204.6(k).

51.     Plaintiffs have complied with all the requirements for adjudication of the Form I-526 Petitions dated December 7, 2017. *See* 8 C.F.R. § 204.6.

52.     Since that time, Defendants have unreasonably withheld, and unlawfully and unreasonably delayed, acting on Plaintiffs' Form I-526 Petitions in violation of the INA and APA and have recently been manipulating the published processing times on a unilateral basis.

53.     Defendants have failed to discharge their mandated official duties by abusing their discretion and acting in an arbitrary and capricious manner in failing to adjudicate

---

[1] The term "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

11

Plaintiffs' Form I-526 Petitions contrary to Congress's explicit mandate set forth in the INA and APA.

54. As a result of Defendants' failure to adjudicate the Form I-526 Petitions, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive, and other relief.

55. Plaintiffs have no other adequate legal remedy available to them.

## COUNT II
## MANDAMUS ACT
## (28 U.S.C. § 1361)

56. Plaintiffs reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

57. Plaintiffs seek a writ of mandamus to compel Defendants' officer(s) and/or employee(s) of the United States "to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361.

58. Defendants have failed to discharge their mandated duties by unlawfully and unreasonably delaying the adjudication of Plaintiffs' Form I-526 Petitions despite the same being in a condition supporting immediate adjudication and approval.

59. As a result of Defendants' failure to adjudicate the Form I-526 Petitions, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive, and other relief.

60. Plaintiffs have exhausted all possible administrative remedies and there exists no other adequate remedy.

## COUNT III
### Award of Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act
### (28 U.S.C. § 2412 and 5 U.S.C. § 504)

61.     Plaintiffs reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

62.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 and 5 U.S.C. § 504.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray that this Court:

a.     Compel Defendants to perform their duty to adjudicate Plaintiffs' Form I-526 Petitions within fifteen days or within a time frame this Court deems appropriate under the circumstances;

b.     Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiffs' Form I-526 Petitions to be in direct violation of the APA and the INA;

c.     Grant attorneys' fees and costs to Plaintiffs pursuant to the Equal Access to Justice Act; and

d.     Grant such other and further relief as this Court deems just and proper.

Dated: June 24, 2020                    /s/ Kyra A. Smerkanich
                                        _____
                                        Kyra A. Smerkanich
                                        (D.C. Bar No. 1029230)
                                        SAUL EWING ARNSTEIN & LEHR LLP
                                        1919 Pennsylvania Avenue, N.W., Suite 550
                                        Washington, DC 20006
                                        telephone:  (202) 333-8800
                                        facsimile:  (202) 337-6065
                                        email:  kyra.smerkanich@saul.com

                                        and

Steven C. Reingold
(application to appear *pro hac vice* to be filed)
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, Massachusetts 02116
telephone:  (617) 723-3300
facsimile:  (617) 723-4151
email:  steven.reingold@saul.com

Attorneys for Plaintiffs